# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X

WILLIE ADDISON,

                          Plaintiff

     against

SUMIT S. DHARIA, D.P.M., BRYAN MAKOWER,
D.P.M., THE BROOKLYN HOSPITAL CENTER,
YUNIQUE DESIRE BRISARD, DNP FNP. AND
BEDFORD STUYVESANT FAMILY HEALTH CENTER,

                       Defendants
------------------------------------------------------------------X

**SUPPLEMENTAL
SUMMONS**

Index No.: 523856/2019

**To the above named Defendant(s):**

      YOU ARE HEREBY SUMMONED to answer the Amended Complaint in this action and to serve a copy of your answer, or, if the Amended Complaint is not served with this Supplemental Summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this Supplemental Summons, exclusive of the day of service (or within 30 days after the service is complete if this Supplemental Summons is not personally delivered to you within the State of New York); and in the case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Amended Complaint.

Dated: New York, New York
       June 4, 2020

                             Yours, etc.

                             *Marla Stein*
                             MARLA STEIN
                             BURNS & HARRIS
                             Attorney for Plaintiff
                             WILLIE ADDISON
                             233 Broadway, Suite 900
                             New York, New York 10279
                             Our File No. 205359

–1–

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

TO:

KAUFMAN BORGEEST & RYAN
Attorney for Defendant(s)
The Brooklyn Hospital Center
1205 Franklin Avenue
Suite 200
Garden City, NY 11530
(516) 248-6000

MARTIN CLEARWATER & BELL, LLP
Attorney for Defendant(s)
Sumit D. Dharia, MD
245 Main Street
White Plains, NY 10601
(914) 328-2969

BRYAN MAKOWER, D.P.M.
121 Dekalb Avenue
Brooklyn, NY 11201

YUNIQUE DESIRE BRISARD, DNP FNP
1456 Fulton Street
Brooklyn, NY 11216

BEDFORD STUYVESANT FAMILY HEALTH CENTER
1456 Fulton Street
Brooklyn, NY 11216

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

–2–

NYSCEF DOC. NO. 28

INDEX NO. 523856/2019

RECEIVED NYSCEF: 11/30/2020

----------------------------------------------------------X

WILLIE ADDISON,

                Plaintiff

      against

SUMIT S. DHARIA, D.P.M., BRYAN MAKOWER,
D.P.M., THE BROOKLYN HOSPITAL CENTER,
YUNIQUE DESIRE BRISARD, DNP FNP, AND
BEDFORD STUYVESANT FAMILY HEALTH CENTER,

              Defendants

----------------------------------------------------------X

Index No.: 523856/2019

**AMENDED
VERIFIED
COMPLAINT**

Plaintiff, by her attorneys, BURNS & HARRIS, as and for an Amended Verified

Complaint herein, respectfully sets forth and alleges:

## AS AND FOR A FIRST CAUSE OF ACTION:

1.      That at all times herein mentioned, defendant SUMIT S. DHARIA, D.P.M., was or

represented herself to be a physician duly licensed or authorized to practice medicine in the State of

New York.

2.      That at all times herein mentioned, defendant SUMIT S. DHARIA, D.P.M., was or

represented herself to be a physician specializing in podiatry.

3.      That at all times herein mentioned, the defendant, SUMIT S. DHARIA, D.P.M., held

herself out to be a physician possessing the skill and ability of members of the medical profession,

and represented that she was capable of diagnosing, treating, advising, referring, recommending and

caring for such medical conditions for which she would undertake to treat.

4.      That at all times herein mentioned, the defendant, SUMIT S. DHARIA, D.P.M.,

maintained offices for the practice of her profession in the County of Kings, City and State of New

York.

5.      That at all of the times herein mentioned, defendant SUMIT S. DHARIA, D.P.M.,

—3—

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

was an employee of a professional corporation.

6.     That at all of the times herein mentioned, defendant SUMIT S. DHARIA, D.P.M., was a shareholder in a professional corporation.

7.     That at all of the times herein mentioned, defendant SUMIT S. DHARIA, D.P.M., was an employee of a private group practice.

8.     That at all of the times herein mentioned, defendant SUMIT S. DHARIA, D.P.M., was a partner in a private group practice.

9.     That at all times herein mentioned, the defendant, SUMIT S. DHARIA, D.P.M., was an agent, servant and/or employee of and/or affiliated with the defendant THE BROOKLYN HOSPITAL CENTER.

10.    That at all times herein mentioned, defendant BRYAN MAKOWER, D.P.M., was or represented himself to be a physician duly licensed or authorized to practice medicine in the State of New York.

11.    That at all times herein mentioned, defendant BRYAN MAKOWER, D.P.M., was or represented himself to be a physician specializing in podiatry.

12.    That at all times herein mentioned, the defendant, BRYAN MAKOWER, D.P.M., held himself out to be a physician possessing the skill and ability of members of the medical profession, and represented that he was capable of diagnosing, treating, advising, referring, recommending and caring for such medical conditions for which he would undertake to treat.

13.    That at all times herein mentioned, the defendant, BRYAN MAKOWER, D.P.M., maintained offices for the practice of his profession in the County of Kings, City and State of New York.

14.    That at all of the times herein mentioned, defendant BRYAN MAKOWER, D.P.M.,

-4-

was an employee of a professional corporation.

15.   That at all of the times herein mentioned, defendant BRYAN MAKOWER, D.P.M., was a shareholder in a professional corporation.

16.   That at all of the times herein mentioned, defendant BRYAN MAKOWER, D.P.M., was an employee of a private group practice.

17.   That at all of the times herein mentioned, defendant BRYAN MAKOWER, D.P.M., was a partner in a private group practice.

18.   That at all times herein mentioned, the defendant, BRYAN MAKOWER, D.P.M., was an agent, servant and/or employee of and/or affiliated with the defendant THE BROOKLYN HOSPITAL CENTER.

19.   That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, was and still is a corporation doing business in the State of New York.

20.   That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, owned a hospital located at 121 Dekalb Avenue, in the County of Kings, City and, State of New York.

21.   That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, its servants, agents and/or employees operated said hospital located in the County of Kings, City and, State of New York.

22.   That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, its servants, agents and/or employees maintained said hospital located in the County of Kings, City and, State of New York.

23.   That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, its servants, agents and/or employees managed said hospital located in the County of

−5−

Kings, City and, State of New York.

24. That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, its servants, agents and/or employees controlled said hospital located in the County of Kings, City and, State of New York.

25. That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER held itself out as a hospital duly qualified and capable of rendering competent medical, podiatric and surgical care and treatment to the general public, including the plaintiff herein.

26. That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, furnished and/or provided doctors, podiatrists, specialists, nurses and other hospital personnel at said hospital to afford medical, podiatric and surgical care, advice, recommendations, referral, management and treatment to the general public, including the plaintiff herein.

27. That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, did agree to and did hold itself out as maintaining at the said hospital, an adequate and competent staff, including doctors, physicians, podiatrists, specialists, nurses and other medical personnel, and further warranted that the members of its said staff were qualified and trained for the purpose of providing such medical, podiatric and surgical care, advice, recommendation, referral, management, treatment and attention as they would be required to provide in accordance with the accepted standards of medical and hospital practice to persons seeking and requiring hospital and medical care and attention, including the plaintiff herein, and said defendant further held itself out as being equipped in sufficient manner to render such care, advice, referral, recommendation, management and treatment at its said hospital.

28. That at all times herein mentioned, the defendant, THE BROOKLYN HOSPITAL CENTER, furnished, provided, used and employed at said hospital physicians, podiatrists,

-6-

INDEX NO. 523856/2019
RECEIVED NYSCEF: 11/30/2020

specialists, residents, interns, nurses, aides, staff members, and others, who were authorized, retained, or permitted by defendant to order, recommend, request, advise, perform, render, or provide medical, podiatric and surgical examinations, evaluations, care, diagnoses, treatments, procedures, tests, studies, services, or advice of, for and to patients at the said hospital.

29.   That at all times herein mentioned, the said defendant THE BROOKLYN HOSPITAL CENTER was and is fully accredited by the Joint Commission on Accreditation of Health Care Organizations and said defendant's manuals, rules, regulations, practices, procedures, techniques and functions were required to be in accordance with the standards and conditions of the said Joint Commission on Accreditation of Health Care Organizations.

30.   That the defendant THE BROOKLYN HOSPITAL CENTER, was responsible for the negligent acts and omissions of its agents, servants, affiliated physicians, podiatrists, specialists and/or employees at the said hospital under the theory of respondeat superior.

31.   That at all of the times herein mentioned, defendant THE BROOKLYN HOSPITAL CENTER, represented that its servants, agents, affiliated physicians, podiatrists, specialists, residents, interns, nurses, aides, employees and/or medical personnel at the said hospital were capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff, WILLIE ADDISON.

32.   That at all times herein mentioned, defendant YUNIQUE DESIRE BRISARD, DNP FNP was or represented herself to be a nurse practioner duly licensed or authorized to practice medicine in the State of New York.

33.   That at all times herein mentioned, defendant, YUNIQUE DESIRE BRISARD, DNP

FNP, was or represented herself to be a nurse practitioner specializing in family medicine.

34.     That at all times herein mentioned, the defendant, YUNIQUE DESIRE BRISARD, DNP FNP held herself out to be a nurse practitioner possessing the skill and ability of members of the medical nursing profession, and represented that she was capable of diagnosing, treating, advising, referring, recommending and caring for such medical conditions for which she would undertake to treat.

35.     That at all times herein mentioned, the defendant, YUNIQUE DESIRE BRISARD, DNP FNP, maintained offices for the practice of her profession in the County of Kings, City and State of New York.

36.     That at all of the times herein mentioned, defendant, YUNIQUE DESIRE BRISARD, DNP FNP, was an employee of a professional corporation.

37.     That at all of the times herein mentioned, defendant, YUNIQUE DESIRE BRISARD, DNP FNP, was a shareholder in a professional corporation.

38.     That at all of the times herein mentioned, defendant, YUNIQUE DESIRE BRISARD, DNP FNP, was an employee of a private group practice.

39.     That at all of the times herein mentioned, defendant, YUNIQUE DESIRE BRISARD, DNP FNP, was a partner in a private group practice.

40.     That at all times herein mentioned, the defendant, YUNIQUE DESIRE BRISARD, DNP FNP, was an agent, servant and/or employee of and/or affiliated with the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER

41.     That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, was and still is a corporation doing business in the State of New York.

—8—

INDEX NO. 523656/2019
NYSCEF DOC. NO. 28                              RECEIVED NYSCEF: 11/30/2020

42.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, owned a medical facility located at 1456 Fulton Street, Brooklyn, NY in the County of Kings, City and State of New York.

43.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents and/or employees operated said medical facility located in the County of Kings, City and State of New York.

44.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents and/or employees maintained said medical facility located in the County of Kings, City and State of New York.

45.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents and/or employees managed said medical facility located in the County of Kings, City and State of New York.

46.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents and/or employees controlled said medical facility located in the County of Kings, City and State of New York.

47.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER held itself out as a medical facility duly qualified and capable of rendering competent medical care and treatment to the general public, including the plaintiff herein.

48.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, furnished and/or provided doctors, specialists, nurses and other medical personnel at said hospital to afford medical care, advice, recommendations, referral, management and treatment to the general public, including the plaintiff herein.

49.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT

FAMILY HEALTH CENTER, did agree to and did hold itself out as maintaining at the said medical facility, an adequate and competent staff, including doctors, physicians, specialists, nurses and other medical personnel, and further warranted that the members of its said staff were qualified and trained for the purpose of providing such medical care, advice, recommendation, referral, management, treatment and attention as they would be required to provide in accordance with the accepted standards of medical practice to persons seeking and requiring medical care and attention, including the plaintiff herein, and said defendant further held itself out as being equipped in sufficient manner to render such care, advice, referral, recommendation, management and treatment at its said medical facility.

50.    That at all times herein mentioned, the defendant, BEDFORD STUYVESANT FAMILY HEALTH CENTER, furnished, provided, used and employed at said medical facility physicians, doctors, specialists, nurses, staff members, and others, who were authorized, retained, or permitted by defendant to order, recommend, request, advise, perform, render, or provide medical examinations, evaluations, care, diagnoses, treatments, procedures, tests, studies, services, or advice of, for and to patients at the said medical facility.

51.    That at all times herein mentioned, the said defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER was and is fully accredited by the Joint Commission on Accreditation of Health Care Organizations and said defendant's manuals, rules, regulations, practices, procedures, techniques and functions were required to be in accordance with the standards and conditions of the said Joint Commission on Accreditation of Health Care Organizations.

52.    That the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, was responsible for the negligent acts and omissions of its agents, servants, affiliated physicians, nurses, specialists and/or employees at the said hospital under the theory of respondeat superior.

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

53.     That at all of the times herein mentioned, defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, represented that its servants, agents, affiliated doctors, physicians, specialists, nurses, employees and/or medical personnel at the said medical facility were capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff, WILLIE ADDISON.

54.     That at all of the times herein mentioned, defendant THE BROOKLYN HOSPITAL CENTER, represented that the defendant SUMIT S. DHARIA, D.P.M. was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff, WILLIE ADDISON.

55.     That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant SUMIT S. DHARIA, D.P.M., in connection with certain medical, podiatric and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant.

56.     That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant SUMIT S. DHARIA, D.P.M., in connection with certain medical, podiatric, and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant at the defendant THE BROOKLYN HOSPITAL CENTER.

57.     That commencing on or about February 14, 2013, and for a course of continuous

-11-

treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant SUMIT S. DHARIA, D.P.M., in connection with certain medical, podiatric and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant at the defendant THE BROOKLYN HOSPTIAL CENTER.

58.    That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the defendant SUMIT S. DHARIA, D.P.M., did undertake the treatment of the plaintiff WILLIE ADDISON, providing the plaintiff with medical, podiatric and/or surgical care, diagnosis, management, treatment, advice, referral and attention, and accepted the plaintiff as a patient.

59.    That the defendant SUMIT S. DHARIA, D.P.M., undertook to and/or did order, recommend, request, refer, advise, perform, render, or provide medical, podiatric and/or surgical examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services, or advice for and to the plaintiff WILLIE ADDISON.

60.    That at all of the times herein mentioned, defendant THE BROOKLYN HOSPITAL CENTER, represented that the defendant BRYAN MAKOWER, D.P.M. was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff, WILLIE ADDISON.

61.    That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant BRYAN MAKOWER, D.P.M., in connection with certain medical, podiatric and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant.

NYSCEF DOC. NO. 28

INDEX NO. 523856/2019

RECEIVED NYSCEF: 11/30/2020

62.     That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant BRYAN MAKOWER, D.P.M., in connection with certain medical, podiatric, and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant at the defendant THE BROOKLYN HOSPITAL CENTER.

63.     That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant BRYAN MAKOWER, D.P.M., in connection with certain medical, podiatric and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant at the defendant THE BROOKLYN HOSPTIAL CENTER.

64.     That commencing on or about February 14, 2013, and for a course of continuous treatment to June 8, 2018, the defendant BRYAN MAKOWER, D.P.M., did undertake the treatment of the plaintiff WILLIE ADDISON, providing the plaintiff with medical, podiatric and/or surgical care, diagnosis, management, treatment, advice, referral and attention, and accepted the plaintiff as a patient.

65.     That the defendant BRYAN MAKOWER, D.P.M., undertook to and/or did order, recommend, request, refer, advise, perform, render, or provide medical, podiatric and/or surgical examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services, or advice for and to the plaintiff WILLIE ADDISON.

66.     That commencing on or about February 14, 2013 and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant

–13–

THE BROOKLYN HOSPITAL CENTER, its servants, agents, affiliated physicians, podiatrists, specialists, residents, interns, nurses, aides, employees and/or medical personnel at the said hospital in connection with certain medical, podiatric and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant.

67.     That commencing on or about February 14, 2013 and for a course of continuous treatment to June 8, 2018, the plaintiff WILLIE ADDISON came under the care of the defendant THE BROOKLYN HOSPITAL CENTER, its servants, agents, affiliated physicians, podiatrists, specialists, residents, interns, nurses, aides, employees and/or medical personnel at the said hospital in connection with certain medical, podiatric and/or surgical care, diagnosis, management, advice and treatment to be rendered to the plaintiff WILLIE ADDISON, by the said defendant.

68.     That the defendant THE BROOKLYN HOSPITAL CENTER, its servants, agents, affiliated physicians, podiatrists, specialists, residents, interns, nurses, aides, employees and/or medical personnel at the said hospital did undertake the treatment of the plaintiff WILLIE ADDISON, providing the plaintiff with medical, podiatric and/or surgical care, diagnosis, management, treatment, advice, referral and attention, and accepted the plaintiff as a patient.

69.     That at all of the times herein mentioned, defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, represented that the defendant YUNIQUE DESIRE BRISARD, DNP FNP was capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff, WILLIE ADDISON.

70.     That commencing on or about May 4, 2010, and for a course of continuous treatment

—14—

to April 30, 2019, the plaintiff WILLIE ADDISON came under the care of the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER in connection with certain medical, podiatric, nurse practitioner and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant at the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER.

71.   That commencing on or about May 4, 2010, and for a course of continuous treatment to April 30, 2019, the plaintiff WILLIE ADDISON came under the care of the defendant YUNIQUE DESIRE BRISARD, DNP FNP in connection with certain medical, podiatric and/or nurse practitioner care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant.

72.   That commencing on or about May 4, 2010, and for a course of continuous treatment to April 30, 2019, the plaintiff WILLIE ADDISON came under the care of the defendant YUNIQUE DESIRE BRISARD, DNP FNP in connection with certain medical, podiatric, and/or nurse practitioner care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant at the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER.

73.   That commencing on or about May 4, 2010, and for a course of continuous treatment to April 30, 2019,  the defendant YUNIQUE DESIRE BRISARD, DNP FNP did undertake the treatment of the plaintiff WILLIE ADDISON, providing the plaintiff with medical, podiatric and/or nurse practitioner care, diagnosis, management, treatment, advice, referral and attention, and accepted the plaintiff as a patient.

74.   That the defendant YUNIQUE DESIRE BRISARD, DNP FNP undertook to and/or did order, recommend, request, refer, advise, perform, render, or provide medical, podiatric and/or nurse practitioner examinations, evaluations, consultations, care, treatments, procedures, tests,

–15–

NYSCEF DOC. NO. 28

INDEX NO. 523856/2019
RECEIVED NYSCEF: 11/30/2020

studies, services, or advice for and to the plaintiff WILLIE ADDISON.

75.    That at all of the times herein mentioned, defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, represented that its employees, physicians, staff, nurses, were capable, competent and qualified to properly and adequately order, recommend, request, advise, perform, render, or provide all of the professional examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services and advice ordered, recommended, requested, required and advised for, performed upon, rendered and/or provided to the plaintiff, WILLIE ADDISON.

76.    That commencing on or about May 4, 2010 and for a course of continuous treatment to April 30, 2019,  the plaintiff WILLIE ADDISON came under the care of the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER through its agents, servants and employees in connection with certain medical, podiatric and/or surgical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant . at the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER.

77.    That commencing on or about May 4, 2010 through May 1, 2019, at the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, said defendant through its agents, servants and employees did undertake the treatment of the plaintiff WILLIE ADDISON, providing the plaintiff with medical, podiatric and/or nursing care, diagnosis, management, treatment, advice, referral and attention, and accepted the plaintiff as a patient.

78.    That the defendant at the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER undertook to and/or did order, recommend, request, refer, advise, perform, render, or provide medical, podiatric and/or surgical examinations, evaluations, consultations, care, treatments, procedures, tests, studies, services, or advice for and to the plaintiff WILLIE ADDISON.

79.    That commencing on or about May 4, 2010 and for a course of continuous treatment

—16—

to May 1, 2019, the plaintiff WILLIE ADDISON came under the care of the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents, affiliated doctors, physicians, specialists, nurses, employees and/or medical personnel at the said medical facility in connection with certain medical care, diagnosis, management and treatment to be rendered to the said plaintiff by the said defendant.

80.    That commencing on or about May 4, 2010 and for a course of continuous treatment to May 1, 2019, the plaintiff WILLIE ADDISON came under the care of the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents, affiliated doctors, physicians, specialists, nurses, employees and/or medical personnel at the said medical facility l in connection with certain medical care, diagnosis, management, advice and treatment to be rendered to the plaintiff WILLIE ADDISON, by the said defendant.

81.    That the defendant BEDFORD STUYVESANT FAMILY HEALTH CENTER, its servants, agents, affiliated doctors, physicians, specialists, nurses, employees and/or medical personnel at the said medical facility did undertake the treatment of the plaintiff WILLIE ADDISON, providing the plaintiff with medical care, diagnosis, management, treatment, advice, referral and attention, and accepted the plaintiff as a patient.

82.    That the foregoing treatment and management of the plaintiff, WILLIE ADDISON, by the defendants, their servants, agents, affiliated physicians, podiatrists, specialists, residents, interns, nurses, aides, employees and/or medical personnel at the said hospital was performed in a careless, negligent and improper manner and not in accordance with the good and accepted standards of medical, podiatric, surgical and hospital care and practice, thereby causing the plaintiff, WILLIE ADDISON, to sustain severe injuries and damages.

83.    That the medical, podiatric and surgical hospital procedures, examinations,

–17–

NYSCEF DOC. NO. 28

INDEX NO. 523856/2019

RECEIVED NYSCEF: 11/30/2020

evaluations, care, treatments, tests, studies, services, or advice ordered, requested, recommended, advised, performed, rendered, or provided to plaintiff by the defendants herein, were ordered, requested, recommended, advised, performed, rendered, or provided by persons who were incompetent or unqualified to order, recommend, request, advise, perform, render or provide examinations, evaluations, care, treatments, procedures, tests, studies, services or advice to and/or for the plaintiff.

84.     That the defendants, and those persons who ordered, requested, recommended, advised, performed, rendered, or provided examinations, evaluations, care, treatments, procedures, tests, studies, services, or advice to and/or for the plaintiff at said medical facilities and/or hospital were incompetent and/or unqualified to order, recommend, request, advise, perform, render, or provide such professional examinations, evaluations, care, treatments, procedures, tests, studies, services, or advice of, for, and to plaintiff.

85.     That the defendants failed to promulgate, enforce, abide by, or follow appropriate rules, regulations, guidelines, procedures, policies, or protocols with respect to the performing, rendering or providing of medical, podiatric surgical, hospital and/or nursing procedures, examinations, evaluations, care, treatments, tests, studies, services, or advice to and/or for the plaintiff herein.

86.     That the foregoing injuries and damages to the plaintiff, WILLIE ADDISON, were caused solely by virtue of the carelessness, negligence and malpractice on the part of the defendants, their servants, agents, affiliated physicians, podiatrists, specialists, interns, residents, aides, nurses and/or employees, and without any negligence on the part of the plaintiff contributing thereto.

87.     That by reason of the foregoing, the infant plaintiff sustained serious personal injuries and other medical conditions which resulted in severe and excruciating conscious pain

and suffering, from the time of the commencement of the medical malpractice herein which
resulted from the injuries sustained by reason of the negligence and malpractice of the
defendants.

88.     That the foregoing personal injuries and the severe conscious pain and suffering,
were caused solely by reason of the negligence, malpractice, reckless, and callous disregard on
the part of the defendants, and without any negligence on the part of the plaintiff contributing
hereto.

89.     That this action falls within one or more of the exceptions set forth in CPLR 1602.

90.     Pursuant to CPLR Section 1602(2)(iv), defendants are jointly and severally liable for
all of plaintiff's damages herein, including but not limited to plaintiff's non-economic loss,
irrespective of the provisions of the CPLR Section 1601, by reason of the fact that defendants owed
the plaintiff a non-delegable duty of care.

91.     Pursuant to CPLR Section 1602(2)(iv), the defendants are jointly and severally liable
for all of plaintiff's damages, including but not limited to plaintiff's non-economic loss, irrespective
of the provisions of the CPLR Section 1601, by reason of the fact that said defendants are
vicariously liable for the negligent acts and omissions of each other and/or others who caused or
contributed to the plaintiff's damages.

92.     That by reason of the foregoing, the plaintiff, WILLIE ADDISON, has sustained
severe damages in an amount sought which is in excess of the monetary jurisdictional limits of any
and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon
the trial of this action.

INDEX NO. 525856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

## AS AND FOR A SECOND CAUSE OF ACTION:

93.   That plaintiffs repeat, reiterate and reallege each and every allegation as contained in the First Cause of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

94.   That at all times herein mentioned, the defendants failed to inform the plaintiff as to the exact nature and extent of plaintiff's condition and failed to inform the plaintiff as to the risks, complications, consequences and dangers of the care, treatment and procedures the defendants undertook to perform and/or failed to perform upon the plaintiff, and further failed to inform the plaintiff as to the possible alternate methods of treatment applicable to the plaintiff's condition.

95.   That had the plaintiff known of the foregoing nature and extent of the conditions and the risks, complications, consequences and dangers of the care, treatment and procedures the defendants undertook to perform and/or failed to perform, and had the plaintiff known the possible alternate methods of treatment applicable to the plaintiff's condition, the plaintiff would have chosen other necessary, required and alternate methods of treatment so as to have avoided serious injury and severe worsening and deterioration of the condition of the plaintiff.

96.   That by reason of the failure to properly inform the plaintiff, and in failing to obtain the informed consent of the plaintiff, the plaintiff was caused to sustain serious damages and injuries.

97.   That by reason of the foregoing, plaintiff has been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, in an amount to e determined upon the trial of this action.

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

## AS AND FOR A THIRD CAUSE OF ACTION

98.     That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First and Second Causes of Action of the within Complaint, with the same force and effect as though each were more fully set forth at length herein.

99.     That at all times herein mentioned, the defendants had the duty to properly and adequately select and screen for hiring for retention or discharge as employees those doctors, nurses and physicians who are not fit, suitable, qualified, skilled, properly trained, supervised and instructed.

100.    That at all times herein mentioned, it was the duty of the said defendants to properly and adequately train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and practices of its servants, agents, affiliated doctors, physicians and/or employees performing hospital, medical, podiatric, nursing and/or surgical procedures.

101.    That at all times herein mentioned, it was the duty of the said defendants to supervise, promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to the duties, activities and practices of its servants, agents, affiliated doctors, physicians, surgeons, nurses and/or employees performing medical, podiatric and/or surgical procedures.

102.    That at all times herein mentioned, it was the duty of the said defendants to entrust the care of the plaintiff to doctors, physicians, nurses and personnel who possessed the necessary and required skill, experience, judgment, diligence and capability to perform such duties, activities and practices as were required and rendered to the plaintiff at said hospital and medical facility.

103.    That at all times herein mentioned, the defendants failed, neglected and omitted to properly and adequately select and screen for hiring for retention or discharge as employees those

-21-

doctors, nurses or physicians who are not fit, suitable, qualified, skilled, properly trained, supervised and instructed.

104.    That all times herein mentioned, the said defendants failed, neglected and omitted to properly and adequately train, discipline, supervise, promulgate and put into effect appropriate rules applicable to the duties, activities and practices of its servants, agents, affiliated doctors, physicians and/or employees performing hospital, medical, podiatric, nursing and/or surgical procedures.

105.    That all times herein mentioned, the said defendants failed, neglected and omitted to supervise, promulgate, enforce, instruct, advise, abide by, require or ensure the appropriate rules, regulations, guidelines, procedures, policies or protocols with respect to the duties, activities and practices of its servants, agents, affiliated doctors, physicians, surgeons, nurses and/or employees performing medical, podiatric and/or surgical procedures.

106.    That all times herein mentioned, the said defendants failed, neglected and omitted to entrust the care and supervision of the plaintiff to doctors, physicians, nurses and personnel who possessed the necessary and required skill, experience, judgment, diligence and capability perform such duties, activities and practices as were required and rendered to the plaintiff at said hospital and medical facility.

107.    That by reason of the foregoing, WILLIE ADDISON, has suffered severe damages in an amount which is in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION:

108.    That plaintiff repeats, reiterates and realleges each and every allegation as contained in the First, Second and Third Causes of Action of the within Complaint, with the same force and

–22–

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

effect as though each were more fully set forth at length herein.

109.    That at all times herein mentioned, it was the duty of the defendants, to promulgate, enforce, instruct, advise, abide by, require or ensure compliance with its own and/or appropriate rules, regulations, guidelines, procedures, by-laws, policies or protocols with respect to the inquiry, investigation and certification of malpractice insurance by doctors and physicians hired, retained, certified and/or recertified for privileges as doctors, physicians or surgeons at said hospital and/or medical facility.

110.    That at all times herein mentioned, it was the duty of the said defendants to properly and adequately inspect, investigate and screen physicians and surgeons for hiring or renewal of privileges at said hospital and medical facility so as to definitively ascertain whether such physicians and surgeons are in possession of adequate, appropriate and required credentials, licenses, privileges and references prior to such hiring and/or renewal of privileges at said hospital and medical facility.

111.    That at all times herein mentioned, it was the duty of the said defendants to properly and adequately inspect, investigate and screen doctors, physicians and surgeons for hiring or renewal of privileges at said hospital and medical facility so as to definitively ascertain whether such doctors, physicians and surgeons are in possession of adequate, appropriate and required professional medical malpractice insurance prior to such hiring and/or renewal of privileges at said hospital and medical facility.

112.    That at all times herein mentioned, it was the duty of the said defendants to obtain, inspect, investigate and evaluate documentation of credentials, licenses and professional medical malpractice insurance prior to hiring or renewal of privileges of doctors, physicians and surgeons at said hospital and medical facility.

—23—

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

113. That at all times herein mentioned, it was the duty of the said defendants to properly and adequately inspect, investigate, research and screen doctors, physicians and surgeons for hiring or renewing privileges at said hospital so as to definitively ascertain whether complaints, grievances and/or suspensions have been issued against such doctors, physicians and surgeons prior to such hiring and/or renewing of privileges at said hospital and medical facility.

114. That at all times herein mentioned, it was the duty of the said defendants to properly and adequately inspect, investigate, research and screen doctors, physicians and surgeons for hiring or renewal of privileges at said hospital so as to definitively ascertain whether such doctors, physicians and surgeons are qualified to obtain and/or maintain such privileges at said hospital and medical facility.

115. That at all times herein mentioned, it was the duty of the said defendants to promptly, properly, timely and adequately suspend the privileges of doctors, physicians and surgeons who do not possess or have suffered the suspension of the necessary, required and appropriate credentials, privileges, licenses and professional medical malpractice insurance.

116. That at all times herein mentioned, it was the duty of the said defendants to prevent doctors, physicians and surgeons who do not possess or have suffered the suspension of the necessary, required and appropriate credentials, licenses and medical malpractice insurance, from performing medical, podiatric or surgical procedures upon patients of said hospital and medical facility.

117. That at all times herein mentioned, it was the duty of the said defendants failed to immediately terminate, suspend and/or prevent physicians and surgeons who do not possess or have suffered the suspension of the necessary, required and appropriate credentials, licenses and medical malpractice insurance, from performing medical, podiatric or surgical procedures upon patients of

—24—

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28
RECEIVED NYSCEF: 11/30/2020

said hospital and medical facility, including the plaintiff herein.

118.  That by reason of the foregoing, WILLIE ADDISON, has suffered severe damages in an amount which is in excess of the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction, in an amount to be determined upon the trial of this action.

WHEREFORE, plaintiff demands judgment against the defendants, the amount sought on each cause of action exceeding the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein, together with the costs and disbursements of this action, and with interest from the date of this occurrence.

Dated: New York, New York
       June 4, 2020

Yours, etc.,


_Marla Stein_
MARLA STEIN, ESQ.
BURNS & HARRIS
Attorneys for Plaintiff
233 Broadway
New York, New York 10279
(212) 393-1000
Our File No.: 205729

–25–

INDEX NO. 523856/2019
NYSCEF DOC. NO. 28                                    RECEIVED NYSCEF: 11/30/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-------------------------------------------------------------------X
WILLIE ADDISON,                                      Index No.: 523856/2019

                          Plaintiff              **AMENDED
                                                 CERTIFICATE OF MERIT**

          against

SUMIT S. DHARIA, D.P.M., BRYAN MAKOWER,
D.P.M., THE BROOKLYN HOSPITAL CENTER,
YUNIQUE DESIRE BRISARD, DNP FNP, DANIL
RAFAILOV, M.D. AND BEDFORD STUYVESANT
FAMILY HEALTH CENTER,

                          Defendants
-------------------------------------------------------------------X


          MARLA STEIN, Esq., an attorney duly admitted to practice law in the Courts of this State,

affirms the following to be true under the penalties of perjury:

          That I am an associate in the law firm of BURNS & HARRIS, ESQS. attorneys for the

plaintiff in the above-entitled action, and as such, am fully familiar with the facts and circumstances

surrounding this matter based upon the file maintained in our office.

          That I make this Certificate of Merit, pursuant to Section 3012-a of the CPLR, and state as

follows:

          That I have reviewed the facts of this case and have consulted with at least one physician who

is licensed to practice in this State, and whom I reasonably believe is knowledgeable in the relevant

issues involved in this particular action, and that I have concluded on the basis of such review and

consultation that there is a reasonable basis for the commencement of such action.

Dated: New York, New York
       June 4, 2020


                                             _Marla Stein_____
                                             MARLA STEIN


                                   –26–

INDEX NO. 523856/2019

NYSCEF DOC. NO. 28

RECEIVED NYSCEF: 11/30/2020

RE:   WILLIE ADDISON

## ATTORNEY VERIFICATION

MARLA STEIN, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, shows:

I am the attorney for the plaintiff in the within action and have read the foregoing AMENDED COMPLAINT and know the contents thereof; the same is true upon information and belief.

This verification is made by this affirmant and not by said plaintiff because said plaintiff reside(s) in a County other than the County wherein your affirmant maintains her office.

The grounds of affirmant's knowledge and belief are as follows:  Conference with client(s) and notes and records contained in the file maintained in the regular course of business.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: New York, New York
      June 4, 2020

*Marla Stein*
MARLA STEIN

–27–

NYSCEF DOC. NO. 28

INDEX NO. 523856/2019
RECEIVED NYSCEF: 11/30/2020

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
                    ) ss.:
COUNTY OF NEW YORK )

Denise M. Acevedo being duly sworn, deposes and says:

I am over 18 years of age, I am not a party to the action, and I reside in Richmond County in the State of New York.

On the 30th day of November, 2020, I served a true copy of the annexed: **SUPPLEMENTAL SUMMONS AMENDED VERIFIED COMPLAINT VIA ECF FILING ONLY**, upon the following:

KAUFMAN BORGEEST & RYAN
Attys for Deft. The Brooklyn Hospital Center
1205 Franklin Avenue, Suite 200
Garden City, NY 11530

MARTIN CLEARWATER & BELL, LLP
Attys for Deft. Sumit D. Dharia, MD
245 Main Street
White Plains, NY 10601

Denise M. Acevedo

Sworn to before me this
30th day of November, 2020

Notary Public

THIERRY DANIEL JEAN
NOTARY PUBLIC-STATE OF NEW YORK
No. 01JE6634949
Qualified in Nassau County
My Commission Expires October 17, 20

INDEX NO. 523856/2019

NYSCEF DOC. NO. 28

RECEIVED NYSCEF: 11/30/2020

Index No. 523856/19

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

WILLIE ADDISON,

Plaintiff,

    -against-

SUMIT S. DHARIA, D.P.M., BRYAN MAKOWER, D.P.M., THE BROOKLYN
HOSPITAL CENTER, YUNIQUE DESIRE BRISARD, DNP FNP. AND BEDFORD
STUYVESANT FAMILY HEALTH CENTER,

Defendants.

**SUPPLEMENTAL SUMMONS
& AMENDED VERIFIED COMPLAINT**

**BURNS & HARRIS**
*Attorneys for Plaintiffs*
233 Broadway, Suite 900
New York, New York 10279
(212) 393-1000

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-----------------------------------------------------------x
WILLIE ADDISON,

                      Plaintiff/Petitioner,

       - against -                        Index No. 523856

SUMIT S. GHARIA, D.P.M., BRYAN MAKOWER, D.P.M., THE BROOKLYN HOSPITAL CENTER,
YUNIQUE DESIRE BRISARD, DNP FNP, AND BEDFORD STUYVESANT FAMILY HEALTH CENTER

                      Defendant/Respondent.
-----------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

       1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

       2) You are a Defendant/Respondent (a party) in this case.

- **<u>If you are represented by an attorney</u>:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **<u>If you are not represented by an attorney</u>:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

          - serving and filing your documents electronically

          - free access to view and print your e-filed documents

          - limiting your number of trips to the courthouse

          - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated:   November 30, 2020

**Seth Harris**
_____
Name
BURNS & HARRIS
_____
Firm Name

233 Broadway, Suite 900
_____

New York, New York 10279
_____
Address

212-393-1000
_____
Phone

lcuomo@burnsharris.com
_____
E-Mail

To:   _____

_____

_____

2/24/20